UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER J CARLSON,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS ET AL,

Defendants.

Case No. 2:26-cv-01930-TL-TLF

ORDER TO SHOW CAUSE

This matter is before the Court on plaintiff's filing of a civil rights complaint. Dkt 1, 5. Plaintiff is unrepresented by counsel and has been granted *in forma pauperis* status in this matter. Dkt. 4. Plaintiff is a state prisoner currently housed at Monroe Correctional Center. Dkt. 5 at 1. Considering the deficiencies in the complaint discussed below, however, the Court will not direct service of the complaint at this time. On or before December 10, 2026, plaintiff must either show cause why this action should not be dismissed or file an amended complaint.

This Court must screen any § 1983 complaint, and dismiss the complaint "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

*Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Under Fed. R. Civ. P. 8(a)(2), the complaint must give fair notice; it must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir. 1984). The Court must liberally construe a pro se complaint, and a pro se pleading must be held "to less stringent standards than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Conclusory allegations do not state a claim; the complaint must include allegations of "overt acts which defendants engaged in that support the plaintiff's claim". *Jones,* at 649 (internal quotation and citation omitted).

A complaint must contain "enough factual matter, accepted as true, to suggest" the elements of the claim, facts sufficient to "state a claim to relief that is plausible on its face," not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009). Liberal construction does not exempt pro se pleadings from plausibility review. "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

In his complaint, plaintiff contends he was taken to the University of Washington Medical Center in January 2025 and was physically dropped during while being transferred to a medical bed. *Id*. at 3. At the time of the incident, plaintiff was under the

influence of pain medication, and states “there is the possibility the plaintiff was injured by other means during admittance for which he does not recall.” *Id*. At the time of the incident, plaintiff said “he was okay” but alleges that the staff had a knowledge of plaintiff’s pre-existing spinal injury. *Id*.

Upon return to the correctional facility, after the pain medication wore off, plaintiff claims he experiences “significant worsening spinal pain, neurological symptoms, and functional impairment” and “medical records indicate plaintiff suffered aggravated spinal trauma following the hospital incident/visit.” *Id*. He contends he self-administered rehabilitation for over 10 months, and defendants “failed to properly monitor, examine, or properly treat the injury caused by the fall, demonstrating deliberate indifference to a serious need.” *Id*. He claims he was issued “a cheap back brace,” and received “x-rays and imaging that indicated the injury was still there.” *Id*. at 4. He attended two physical therapy sessions during that 10-month period. *Id*.

In his complaint, plaintiff names: (1) Jane and John Doe, Unknown Hospital Staff, who were responsible for supervising and handling him during treatment (2) Jane and John Doe, Unknown Correctional Staff, who were responsible for transport and custody during hospitalization, (3) Billy Heinsohn, Health Services Manager, Monroe Correctional Center, who supervises medical staff and ensures medical treatment of prisoners and oversees compliance with department of correction medical standards (4) University of Washington Medical Center, who provided care and services to plaintiff (5) Jane or John Doe, University of Washington Medical Center, Physical Therapy Department Director, who supervises rehabilitation services..

Petitioner brings claims for (1) medical malpractice, (2) negligence, (3) deliberate indifference, (4) failure to provide adequate medical care under the Eighth and Fourteenth Amendments and (5) a corporate liability claim, as well as violations of Washington State Department of Corrections Medical Policies. Dkt. 5 at 5-7, 16-17.

He seeks compensatory damages of $1,000,000, punitive damages against individual defendants, injunctive relief requiring improved medical transport and proper medical treatment and physical and a whole host of other medical support, declaratory relief, as well as cost of litigation and attorney's fees. Dkt. 5 at 16.

The complaint is not a short, plain statement and therefore does not comply with Fed. R. Civ. P. 8(a). *Mosely v. Covello*, No. 2:25-cv-02951 SCR P, 2025 WL 3013728, at *3 (E.D. Cal. Oct. 28, 2025) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) ("The complaint must also allege in specific terms how each named defendant is involved" and "'[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient.'").

- **42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Allegations must connect each individual defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. *See Johnson v. Duffy*,

588 F.2d 740, 743 (9th Cir. 1978). “A person ‘subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made.” *Id.*

A supervisor can be held liable under § 1983, but *only if* (1) the supervisor personally participated in the violation of plaintiff’s rights or (2) there is a “sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.” *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (“Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official’s own individual actions, has violated the Constitution.”).

Although plaintiff identifies several defendants and describes generally the conduct he believes was improper, the complaint consists of conclusory allegations concerning their respective responsibilities and failures.

If plaintiff files an amended complaint, he must identify each defendant and explain the specific conduct that defendant allegedly engaged in, including how that conduct caused or contributed to the deprivation of a federally protected right.

- **Eighth Amendment**

Because plaintiff is in Monroe Correctional Facility serving a sentence, his claim for deliberate indifference to serious medical needs would arise under the Eighth Amendment, not the Fourteenth Amendment, which applies to pre-trial detainees. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (“Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt.”).

To state an Eight Amendment claim based on prison medical treatment the plaintiff must demonstrate deliberate indifference to his serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A determination of deliberate indifference involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the necessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney,* 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. An inmate is not required "to demonstrate that he or she experiences pain that is at the limit of human ability to bear," nor does the inmate have to show "that his or her condition will degenerate into a life-threatening one." *Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003). A serious medical need may be present where there is:

> . . . The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain . . .

*McGuckin*, 974 F.2d at 1059-60.

A plaintiff satisfies the second requirement that defendant's response to the need was deliberately indifferent by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner,* at 1096 (citation omitted). An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health

or safety”. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). “[T]he official must both be aware of facts from which the inferences could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.” *Id*. Mere negligence is insufficient to state an Eight Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Similarly, a mere difference of opinion between the defendant and plaintiff regarding the appropriate course of treatment is insufficient to establish an Eight Amendment violation. *Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020).

Plaintiff alleges that he was dropped during a transfer to a hospital bed and subsequently experienced worsening spinal pain, neurological symptoms, and functional impairment. While these allegations might implicate a serious medical need, plaintiff has not adequately explained how each defendant acted with deliberate indifference to that need. Here, plaintiff disagrees with the standard of care provided to him, but acknowledges that he was given x-rays, physical therapy, and a back brace. The conclusory allegations are insufficient to allege a cause of action for an Eighth Amendment violation.

- **Unknown Hospital Staff**

Plaintiff alleges that unknown hospital employees dropped him during a transfer while he was receiving medical treatment. Dkt. 5 at 7. He further alleges that these employees failed to examine him after the incident, despite knowing or having reason to know of his pre-existing spinal condition. *Id*.

Although a negligent transfer or failure to provide adequate medical care may potentially support a state-law negligence or medical malpractice claim, negligence alone does not establish deliberate indifference under the Eighth Amendment.

- **Unknown Correctional Staff**

Plaintiff alleges that unknown correctional officers failed to document his fall, failed to prevent additional harm to his pre-existing spinal condition, and failed to ask the medical staff to properly access plaintiff's injury. *Id*. at 8-9. He contends that these actions constituted negligence and deprived him of the initial medical response he would have received if the incident were documented. *Id*. at 9.

To state a deliberate indifference claim, plaintiff must allege facts demonstrating that each correctional employee knew of and disregarded an excessive risk to his health. Allegations that the employees should have documented the incident or should have obtained additional medical care, without more, are insufficient to establish an Eighth Amendment violation.

- **Billy Heinsohn, Health Services Manager**

Plaintiff alleges that defendant Heinsohn failed to properly diagnose his injuries and coordinate appropriate outside medical care. Dkt. 5 at 10. However, plaintiff does not sufficiently explain defendant Heinsohn's personal involvement in the alleged constitutional violation. A defendant cannot be held liable under § 1983 merely because of a supervisory position or responsibility for overseeing medical services. Plaintiff must allege facts showing that defendant Heinsohn personally participated in the alleged deprivation, knew of plaintiff's serious medical needs, and consciously disregarded an excessive risk to plaintiff's health.

To the extent plaintiff seeks monetary damages against defendant Heinsohn in his official capacity, such claims are barred by the Eleventh Amendment because an official-capacity claim against a state official for damages is effectively a claim against

the state itself. *ee, e.g.*, *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992), *as amended* (Oct. 9, 1992)("A [state] official sued in his official capacity [for Section 1983 damages] has the same immunity as the state, and is entitled to eleventh amendment immunity"); *see also Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)("By suing the individual defendants in their official capacities, [plaintiff] made the state the only interested party…and a state is not a 'person' subject to a damages action under § 1983").

When a plaintiff sues a state official in their official capacity, the action should be treated as a suit against the State and not the named official. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). Because the action is treated as a suit against the State, the state officer sued for damages in their official capacity, like the State, is not a "person" within the meaning of Section 1983. *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1236 (9th Cir. 2015). Accordingly, plaintiff may not recover monetary damages against defendant Heinsohn in his official capacity under § 1983. Yet under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may, in appropriate circumstances, seek prospective injunctive relief against a state official in his official capacity to remedy an ongoing violation of federal law.

- **University of Washington Medical Center**

Plaintiff alleges that employees of the University of Washington Medical Center injured him during his hospital admission when he was immobile and the "staff failed to follow medical policy of ensuring no injuries had occurred." Dkt. 5 at 12. He claims, under the eggshell plaintiff doctrine, there was a heightened standard of care for him. *Id.*

To the extent plaintiff alleges that hospital employees negligently transferred him or failed to identify an injury, such allegations do not, without additional facts demonstrating deliberate indifference, establish an Eighth Amendment violation.

Further, plaintiff must clarify the basis for asserting that the University of Washington Medical Center, as an entity, is liable under § 1983. To the extent plaintiff seeks damages from the University of Washington or another state agency, he must address the Eleventh Amendment and the requirement that a defendant under § 1983 be a person within that statute's meaning. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989).

- **Physical Therapy Department Director**

Plaintiff alleges that the University of Washington Medical Center's Physical Therapy Department Director failed to ensure that plaintiff received adequate therapy and rehabilitation planning. Dkt. 5 at 14. However, plaintiff does not identify any specific act or omission by this defendant demonstrating personal participation in a constitutional violation. Nor does he explain whether this defendant knew of his medical condition, had responsibility for providing or arranging his treatment, or consciously disregarded a known risk to his health. A defendant cannot be held liable under § 1983 merely because of a supervisory position or responsibility for overseeing medical services.

- **State Law and Corporate Liability**

Plaintiff is also attempting to assert state-law claims against defendants, as well as a corporate liability theory against the University of Washington Medical Center. Dkt. 5 at 5–7, 16–17.

Plaintiff provides conclusory allegations that are unsupported by a factual statement. As such, these claims do not sufficiently state a claim upon which relief can be granted. Nor has plaintiff stated a federal claim for relief. A district court has discretion over whether to exercise supplemental jurisdiction over state-law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40.

Accordingly, unless plaintiff adequately alleges a cognizable federal claim, the Court may recommend the District Court decline to exercise supplemental jurisdiction over his state-law claims.

- **Exhaustion of Available Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates are required to fully exhaust available administrative remedies; they also must exhaust those remedies in a timely manner; and they must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate is required to use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims by bringing grievances that are detailed and factual, including enough specifics to notify officials of the alleged harm. *Id*. at 1120.

It is unclear if plaintiff has exhausted his remedies. If he files an amended complaint, plaintiff should clarify whether he has filed grievances concerning the facts relating to any of the claims raised in his complaint and — if he has not – he must explain in detail why he has failed to do so. He should also attach a copy of the final grievance resolution for any grievance filed concerning facts related to his claims.

## Conclusion

Due to these apparent deficiencies, the Court will not serve the complaint at this time. If plaintiff intends to pursue this matter, he must either show cause why this case should not be dismissed or file an amended complaint **on or before December 10, 2026**.

If plaintiff submits an amended complaint, he must do so on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court may recommend the assigned District Judge dismiss this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order, and the Pro Se Information Sheet.

Dated this 10th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge